Dear Mr. Cassidy:
You have requested the opinion of this office concerning the following questions:
 Can it be made mandatory for contract bus drivers to drive buses owned by the school board?
 Can the school board set the age at which school buses should be retired?
LSA-R.S. 17:158, concerning school buses for the transportation of students, provides in pertinent part:
A. (1) Except as provided by Subsection H of this Section and in accordance with the requirements of Subsection F of this Section, each parish and city school board shall provide free transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish and school board if the student resides more than one mile from such school.
***
 (4) For such purposes, any parish or city school board may employ school bus operators as hereinafter defined in R.S. 17:491. However, nothing in this Section shall prohibit a parish or city school from entering into contracts or mutual agreements for providing school bus transportation.
It would appear from this statute that school boards may determine in what manner they will discharge their responsibility of providing transportation to students. In Morgan v. Livingston Parish School Bd., 577 So.2d 176 (La.App. 1st. Cir. 1991), the court upheld a Livingston Parish School Board policy of gradually changing to privately owned buses for student transportation. In his opinion for the Court, Judge Foil, citing LSA-R.S. 17:158, opined:
 It is clear from a reading of this statute that school boards are granted a vast amount of discretion in fashioning transportation policies. They may employ bus drivers, as under Livingston Parish's former policy, or they may contract with them as independent contractors, as the new Livingston policy attempts to do. . . .
Morgan 577 So.2d, at 179.
Thus, under LSA-R.S. 17:158, and the Morgan Court's interpretation of this statute, it is a valid exercise of discretion for the Jefferson Davis Parish School Board to implement such a policy. It should be noted that any policy to this effect implemented by the School Board must respect existing contracts between the School Board and owners of privately owned buses. Further, LSA-R.S. 17:497, concerning reimbursement for operational expenses may also limit any School Board policy to convert to School Board owned buses.
As to your second question, there is no statutory provision directly addressing this issue. Again, school boards possess wide discretion in implementing their duty under LSA-R.S.17:158. LSA-R.S. 17:164-166 provides authority for the Louisiana State Board of Education to adopt regulations relating to the construction, design, equipment and operation of school buses used in transporting students to and from a school. Any school bus which is not in compliance with the Board's regulations may be prohibited from operating by order of the Board, enforceable by the State Department of Public Safety. LSA-R.S. 17:165.
Any school bus purchased for the transportation of school children shall meet or exceed specifications established by the Department of Education. LSA-R.S. 17:158.5. Thus, subject to regulations promulgated by the Department of Education, the School Board may act within its discretion to set the age at which a school bus, used in transporting school children within its jurisdiction, may be retired. Again, it should be noted that any new regulations adopted would not effect existing contracts between the School Board and owners of privately owned buses.
It is, therefore, the opinion of this office that pursuant to the discretion granted under LSA-R.S. 17:158 in transporting school children, the Jefferson Davis Parish School Board may implement a policy that only School Board owned buses may be used. This policy is subject to any statutory provisions and existing contractual rights of current school bus drivers. Second, the School Board may set a limit on the age of school buses which may be used in transporting students within that system. This policy is also subject to any statutory provisions and existing contractual rights of current school bus drivers.
I hope that this addresses your concerns. If you require any further assistance, please don't hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0325p